## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOREEN CAHILL and JANET CHRISTMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEURIG GREEN MOUNTAIN, INC.,<br><br>Defendant. | Case No. 22-cv-7507-CS |

## [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN

WHEREAS, a class action is pending before the Court entitled *Cahill v. Keurig Green Mountain, Inc.,* No. 22-cv-7507-CS; and

WHEREAS, Plaintiffs Doreen Cahill and Janet Christman and Defendant Keurig Green Mountain, Inc. have entered into a Class Action Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.     Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.    The Parties have moved the Court for an order approving the settlement of the

Action in accordance with the Settlement Agreement, which, together with the documents

incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal

of the Action with prejudice, and the Court having read and considered the Settlement

Agreement and having heard the parties and being fully advised in the premises, hereby

preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval

Hearing referred to in paragraph 5 of this Order.

3.    This Court finds that it has jurisdiction over the subject matter of this action and

over all Parties to the Action.

4.    The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement    CS

Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the

best interests of the Settlement Classes set forth below.  The Court further preliminarily finds that the    CS

Settlement Agreement substantially fulfills the purposes and objectives of the class action, and

provides substantial relief to the Settlement Classes without the risks, burdens, costs, or delay

associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement

Agreement (a) is the result of arm's-length negotiations between experienced class action

attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to

be disseminated to the Settlement Classes; (c) meets all applicable requirements of law,

including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28

U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other

person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or

any violation of law.

**Final Approval Hearing**

5.    The Final Approval Hearing shall be held before this Court on
~~September 30, 2025~~ , at 9:45 am [~~suggested date of 90 days after entry of this Order~~] at the
Charles L. Brieant Jr. Federal Building and United States Courthouse, 300 Quarropas Street,
White Plains, New York to determine (a) whether the proposed settlement of the Action on the
terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate
and should be given final approval by the Court; (b) whether a judgment and order of dismissal
with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs,
and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to
the Class Representatives.  The Court may adjourn the Final Approval Hearing without further
notice to members of the Settlement Classes.

6.    Class Counsel shall file papers in support of their Fee Award and Class
Representatives' Incentive Awards (collectively, the "Fee Petition") with the Court on or before
8/11/25 [~~suggested date of 52 days after entry of this Order, (i.e., 14 days before the~~
~~Objection/Exclusion Deadline)~~.]  Defendant may, but is not required to, file a response to Class
Counsel's Fee Petition with the Court on or before 9/9/25 [~~suggested date of 21 days~~
~~before Final Approval hearing.~~]  Class Counsel may file a reply in support of their Fee Petition
with the Court on or before 9/16/25 [~~suggested date of 14 days before Final Approval~~
~~hearing.~~]

7.    Papers in support of final approval of the Settlement Agreement and any
supplementation to the Fee Petition shall be filed with the Court on or before 9/16/25
[~~suggested date of 14 days before Final Approval hearing.~~]

3

**Certification of the Settlement Class**

8.      For purposes of settlement only: (a) Philip L. Fraietta of Bursor & Fisher, P.A. is appointed Class Counsel for the Settlement Class; and (b) Doreen Cahill and Janet Christman are named Class Representatives.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Cahill and Christman will adequately protect the interests of the Settlement Class defined below.

9.      For purposes of settlement only, the Court conditionally certifies the following Settlement Classes as defined in the Settlement Agreement:

a.      **"Performance Issue Claim Class"**  is defined as  (1) all Persons in the United States (including its states, districts or territories) who are not excluded below in this paragraph and who lodged complaints to Keurig claiming that a Coffee Maker experienced the Defect within the first 12 months of purchase between October 1, 2020 to the date of Preliminary Approval and were not provided with a remedy by Keurig pursuant to its Limited  Warranty and (2) all Persons in the United States (including its states, districts or territories) who are not excluded below in this paragraph and who ~~purchased a Coffee Maker in the Class period and~~ can demonstrate valid claims that a Coffee Maker manifested operational issues associated with the descaling process. Excluded from the Performance Issue Claim Class are (1) any Persons whose Coffee Makers are still within Defendant's original Limited Warranty period or the extended Limited Warranty period set forth below in paragraph 2.1(a); (2) any Judge or Magistrate presiding over this Action and members of their families; (3) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (4) Persons who properly execute and file a timely request for exclusion from the class; and (5) the legal representatives, successors or assigns of any such excluded Persons. .

b.      **"Coffee Maker Purchaser Class"** which is defined as " all Persons in the United States (including its states, districts or territories) who purchased one of the Coffee Makers, or Descaling Solution for use with the Coffee Makers, from two years prior to the date of Preliminary Approval up to the date of Preliminary Approval, excluding Performance Issue Claim Class Members and all Persons in the United States (including its states, districts or territories) who lodged complaints to Keurig claiming that a Coffee Maker experienced the Defect during the Class Period and who were provided with a remedy by Keurig pursuant to its Limited Warranty.  Also excluded from the Coffee Maker Purchaser Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the

Defendant or its parents have a controlling interest and their current or former officers, directors, agents, and attorneys; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded Persons." The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Classes satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Classes are so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Classes; the claims of the Class Representatives are typical of the claims of the members of the Settlement Classes; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Classes; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

10.     If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives will once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Classes for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

11.     The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Classes as set forth in the Settlement Agreement and Exhibits B, C, and D thereto (the "Notice Forms"). The Notice Plan shall be commenced by _6/30/25_ [suggested date of 10 days after entry of this Order] as outlined in Section 4.1 of the Settlement Agreement. The Court preliminarily finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also preliminarily finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the

requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, *preliminarily* ⟨a⟩

under all circumstances, reasonably apprise members of the Settlement Classes of the pendency

of this action, the terms of the Settlement Agreement, and the right to object to the settlement

and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice *preliminarily* ⟨u⟩

other than that specifically identified in the Settlement Agreement is necessary in this Action.

The Parties, by agreement, may revise the Notice Forms in ways that are not material, or in ways

that are appropriate to update those documents for purposes of accuracy or formatting.

    12.    The Court approves the request for the appointment of Epiq as Settlement

Administrator of the Settlement Agreement.

    13.    Pursuant to Section 4 of the Settlement Agreement, the Settlement Administrator

is directed to publish the Notice Forms on the Settlement Website and to send direct notice via

U.S. Mail and email, in accordance with the Notice Plan called for by the Settlement Agreement.

The Settlement Administrator shall also maintain the Settlement Website to provide full

information about the Settlement.

**Submission of Claims and Requests for Exclusion from Class**

    14.    Members of the Classes who wish to receive benefits under the Settlement

Agreement must complete and submit a timely and valid Claim Form(s) in accordance with the

instructions contained therein. All cash payment Claims Forms must be postmarked or received

by the Settlement Administrator within forty-five (45) days after the date of the Final Approval

Hearing in Paragraph 5, above.

    15.    Any person falling within the definitions of the Settlement Classes may, upon

valid and timely request, exclude themselves or "opt out" from the Class. Any such person may

do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60

days after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Classes so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

16.     Any members of the Settlement Classes who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Classes member's name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class (including either of the Settlement Classes defined above) for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

17.     Individuals who opt out of the Classes relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, members of the Settlement Classes who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the Settlement Agreement.

**Appearances and Objections**

18.     At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definitions of the Settlement Classes and who does not request exclusion from the Classes may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Member of the Settlement Classes who does not enter an appearance will be represented by Class Counsel.

19.     Any members of the Settlement Classes who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement.  At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the settlement website.  Members of the Classes may object on their own, or may do so through separate counsel at their own expense.

20.     To object, members of the Classes must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date.  To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice.  Specifically, the objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Cahill v. Keurig Green Mountain, Inc.*," contact and address information for the objecting Settlement Class Member, documents sufficient to establish the person's standing as a Settlement Class Member (such as, for example, the person's receipt of purchase of a Coffee Maker), the facts supporting the objection, and the legal grounds on which the objection is based, the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"), and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Southern District of New York Local Rules).  If a Settlement Class

8

Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and Defendant's Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

21.    Members of the Classes who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 5, above, *i.e.* (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

22.    To be valid, objections by persons represented by counsel must be filed electronically on the docket. Pro se objectors may mail their objections to the Court, Honorable Cathy Seibel, 300 Quarropas Street, White Plains, New York 1601, with a copy also sent to Class Counsel Philip L. Fraietta of Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor, New York, NY 10019; and Defendant's Counsel Robert A. Roth of Reed Smith LLP, 10 South Wacker Drive, Chicago, IL 60606.

**Further Matters**

23.     All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

24.     Members of the Settlement Classes shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

25.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Classes.

26.     Any Settlement Class Member who does not timely and validly request exclusion from the Class pursuant to Paragraphs 16-18 hereto: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Classes; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the Settlement Agreement.

27.     Pursuant to this Order:

10

a. The Notice Plan shall be commenced by _6/30/25_ [*suggested date of* ~~Cd~~
10 days after entry of this Order*] as outlined in Section 4.1 of the Settlement
Agreement;

b. Class Counsel shall file papers in support of their Fee Award and Class
Representatives' Incentive Awards (collectively, the "Fee Petition") with the
Court on or before _8/11/25_ [*suggested date of 52 days after entry of this
Order, (i.e., 14 days before the Objection/Exclusion Deadline).*] Defendant
may, but is not required to, file a response to Class Counsel's Fee Petition   *Cd*
with the Court on or before _9/1/25_ [*suggested date of 21 days before
Final Approval hearing.*] Class Counsel may file a reply in support of their
Fee Petition with the Court on or before _9/16/25_ [*suggested date of 14
days before Final Approval hearing.*];

c. Objections shall be filed in accordance with Paragraph 21 of this Order on or
before _8/29/25_ [*suggested date of 60 days after the Notice Date.*];   *Cd*

d. Requests for Exclusion shall be submitted in accordance with Paragraphs 16-
18 of this Order on or before _8/29/25_ [*suggested date of 60 days after the*   *Cd*
Notice Date.*];

e. Papers in support of final approval of the Settlement Agreement and any
supplementation to the Fee Petition shall be filed with the Court on or before _9/16/25_
~~9/16/25~~ [*suggested date of 14 days before Final Approval hearing.*];   *Cd*

f. The Final Approval Hearing shall be held before this Court on
_9/30/25_, at _9:45 AM_ [*suggested date of 90 days after entry of this
Order*] at the Charles L. Brieant Jr. Federal Building and United States

Courthouse, 300 Quarropas Street, White Plains, New York;

g.  All Claims Forms must be postmarked or received by the Settlement

Administrator within forty-five (45) days after the date of the Final Approval

Hearing in Paragraph 5, above.

IT IS SO ORDERED, this 20th day of June , 2025.

_____

The Honorable Cathy Seibel
United States District Judge

12